The next case this morning is 523-0343, People v. Rodgers. Arguing for the appellant is Patrick Sullivan. Arguing for the appellee is Richard London. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note only the clerk of the court is permitted to record these proceedings today. All right, good morning, counsel. This is People v. Marcus Rodgers, 5-23-0343. As you've been advised, Justice Moore is not present. He will, however, be viewing and listening to the recording of this oral argument and will remain a panel member and participate in this decision. Counsel for the appellant, are you ready to proceed? I am, Your Honor, thank you. May I please the court? My name is Patrick Sullivan. I'm an attorney with the Office of the State Appellate Defender, and I represent the appellant in this case, Mr. Marcus Rodgers. This is a case where Marcus Rodgers timely filed a pro se post-conviction petition. His trial court explicitly found that that petition was not patently frivolous or without merit. The appointed counsel, Mr. Rodgers, received unreasonable assistance from his appointed counsel at the second stage of his post-conviction proceedings. How was counsel unreasonable? Counsel filed a certificate under the wrong rule, under Rule 604D, that both use the exact language of Rule 604D that we know is not adequate from People v. Carrizoza, and counsel also filed a three-year time-barred motion to withdraw plea of guilty under Rule 604D. Nothing counsel filed prior to the evidentiary hearing in this matter showed any familiarity that counsel had with his Rule 651C obligations to consult with the petitioner about his claims of constitutional deprivation, to review the entire record of proceedings, not just from the guilty plea and sentencing hearings, and to amend the petition to adequately support and present Mr. Rodgers' constitutional claims. Now, that's what counsel did and did do that was wrong, and what didn't counsel do, counsel, let me back up there, in the absence of a compliant Rule 651C certificate, the record needs to affirmatively show that there was compliance with Rule 651C, and it just doesn't. The record does not affirmably show that counsel consulted with Mr. Rodgers about all of his constitutional claims, not just the ones that appeared in various filings from PC counsel and the ones that were subject to the hearing, and the record also did not affirmatively show, it completely failed to show, that counsel made any amendment, any supplement, and he gave any support to Mr. Rodgers' pro se PC petition. There were no affidavits from the named witnesses in Mr. Rodgers' pro se petition, including the Mosleys and the Allens, his neighbors, supposedly whose proposed testimony would have, if he had heard it, could have, in Mr. Rodgers' words, had a reasonable probability of changing his mind. So, we know from People v. Johnson that the failure to attach affidavits from named witnesses is almost per se, or is in some cases per se, unreasonable assistance, and that was a huge failing here. So, what we have is an inadequate Rule 651C certificate, an absence of affirmative showing in the record that there was any compliance with Rule 651C's obligations, and therefore, unreasonable assistance. It's, from that perspective, a pretty simple case here. Now, what are a couple of the points of contention the state raises, and I guess, why does all this matter? What I want to get to primarily is, given that Mr. Rodgers did get some evidentiary hearing in this case. Well, I have a two-fold answer to that. It's not, and the first answer is that this case arguably never got to the third stage of proceedings until after the evidentiary hearing was already held, and the state issued its combined ruling on the state's motion to dismiss and on the evidentiary hearing and the substance of the we don't get to the third stage until a ruling on the motion to dismiss. So, procedurally, that's both an error by the court that itself could be reversible here under People v. Ford that's cited in the briefing. A failure to follow the procedures lined out, set out, in the Post-Conviction Hearing Act can deprive the court of jurisdiction to even have held that hearing. And the second answer is, even with this hearing, the purpose of the second stage proceedings is not just to get it to a hearing. The purpose is for appointed counsel to shape, support, clarify, and provide substance to and legal expertise to pro se claims of error. That didn't happen here. All counsel really did was file this time-barred motion to withdraw guilty plea under Rule 604D, and the trial court's ruling here was very, very clear. It dismissed, I'm not sure if the wording was dismissed or denied, but it did, in any case, deny or dismiss the 604D motion that counsel filed. We know from People v. Flower, 604D does not apply to post-conviction proceedings. So there was actually nothing counsel filed before the court that was even an appropriate statutory vehicle for presenting Mr. Rogers' claims here. So do you believe filing the 604D certificate in and of itself is reversible, since it wasn't a 651 certificate? I don't. I think on reading People v. Caruso's and some of the relating case law, if you just title your certificate Rule 604D and the language itself is close enough to Rule 651C, I think that can be a substantially compliant certificate. But here we- That's where we look to the record to see if the counsel actually complied with 651, no matter what was filed. It's as if he didn't file anything. We have a non-compliant Rule 651C certificate or Rule 604D, as it was titled, that didn't have the language we needed or counsel needed to affirmatively show or give that presumption that he complied with the rule. And we look to the record and there's just no compliance. The only things, like I said, that were filed were time barred and some pretty procedurally confusing head scratching filings here. So just the failure to file a certificate, that's not what dooms this case. It's the failure to file a compliant certificate and for the record to show any compliance. So what is the main thing you think was lacking in the certificate? What was he supposed to have alleged? Ineffective assistance of counsel? That was not alleged, was it? In the certificate or in any amended filing? In any filings. Did he PC counsel, in some ways, attempts to fold in an ineffective assistance of counsel argument to his 604D motion to withdraw guilty plea, which the court dismisses as untimely. But what did counsel need to do, I guess? My answer would be a number of things. File something under the Post-Conviction Act that cites the act. That's a post-conviction petition. File an amended argument after the evidentiary hearing, after the state filed its motion to dismiss that, made up for some of what he didn't do, but was too late procedurally. Counsel needed to gather affidavits from the witnesses that Mr. Rogers named in his pro se petition, the neighbors. All of this could have, and he needed to align ineffective assistance leading to an involuntary guilty plea in the vehicle of a post-conviction petition, which he never did. We're just left with Mr. Rogers' pro se petition, which says, I probably would have, or there's a high probability that I wouldn't have pled guilty if my counsel wasn't ineffective at my plea, and I want a reduction of sentence. That's all that was in front of the court. Once you take care of all the kind of shenanigans around the Rule 604D motion to withdraw plea, that was, like I said, time-barred. So was that failure to allege prejudice what you're hanging your head on that? I'm saying I may have rejected the plea is different than saying I would have, and you have to, you have to allege prejudice. Is that, is that what you're saying here? Well, that's again something that Mr. Rogers was not, I guess, word for word as it may have needed to have been in his pro se petition, and that, again, we know counsel needs to allege that, and he didn't. He filed the 604D certificate, or certificate in 604D motion to withdraw plea. So yeah, he didn't even allege the basics of what he needed to do to overcome this guilty plea, and we know we can reach guilty pleas. We know we can reach the involuntariness of guilty pleas in post-conviction petitions from Miranda, people versus Miranda that cite in the briefing, from people versus Flowers that cite some of this case law provingly, people versus Brumas. The state has, I think, a bone of contention with the fact that we can ever reach the voluntariness of a PC, or of a guilty plea in a PC petition, and that's just now what the law says. The state tries to cite Ratliff and Jones, which are two distinguishable cases. Ratliff was not a post-conviction petition, it was a direct appeal, and Jones involved a subsequent change in the law, but this really boils down to counsel didn't present the claims in the way they needed to be presented. He needed to show, he needed to at least make some effort at the second stage to give support for the fact that there could have been a Strickland-like showing of prejudice at the hearing and through the pleadings. So for all those reasons that I've stated, I would request for this court to remand the stage for new second stage proceedings, where Mr. Rogers can receive the reasonable assistance of counsel he's entitled to under the law. Any further questions, Justice Vaughn? Nothing further, thank you. All right, you'll be granted some time for rebuttal. Applee, you may proceed. Thank you, your honors. Good morning, may it please the court, counsel. The people have two main points to raise, as we did in our brief. The first is that pursuant to controlling Illinois Supreme Court case law, defendant's claim is waived because he knowingly and voluntarily entered into negotiated plea. Two, even if this court were to find that it isn't waived, Rule 651C simply does not apply to cases where a third stage hearing has been held. In context of a plea agreement, in order to succeed in demonstrating that he received ineffective assistance of counsel, defendant must show there's a reasonable probability that but for counsel's errors, he would not have pled guilty and would have gone to trial. This is an objective, not a subjective standard. Defendant can't say as he said here, well, if my attorney had discussed some of these issues, I might have chosen to do something else. I might have used that to reach a better negotiation, which let me digress and suggest that the defendant here had an incredibly generous plea agreement. From a minimum of 26 to a maximum of 50 years, defendant had a cap of 13 years and indeed only received a 10-year sentence. Instead of 26 to 50 years, his range of sentencing would have been 6 to 13. Two, Jones is controlling. Ratliff suggests that Jones is controlling. The recent Ratliff decision actually shows that a panel of this court, which Justice Moore was a member of, in People v. Evans, 2023, OLAP 5th, 220313U, where the court held that waiver, upheld waiver, even though the trial court had indicated that but for Jones, it would have reduced the defendant's time to decide it. The people understand that they did not include that case in its brief and did not file a motion for leave to cite additional authority. We would move orally today to do so. It is one of this court's cases and as I said, Justice Moore was on that panel. We would obviously have no objection to defendant submitting a reply if necessary. In addition, to the extent that defendant in the reply argues that People v. Maciel stands for the proposition that waiver does not apply to ineffective assistance of counsel claims, that's simply not applicable. Maciel is not a plea case. It's a trial case. In trial case, you can't waive ineffective assistance of counsel. In plea cases, you can waive all constitutional issues, including ineffective assistance of counsel. As I said, contrary to defendant's claim, in his reply brief, he doesn't argue that the plea was involuntary. He doesn't argue and doesn't ever show that objectively that he would have made any differences or decided differently to go to trial if counsel had discussed some of the things more specifically with him. In this case, trial counsel very specifically indicated that the reason why he didn't investigate fully all of the witnesses was that defendant had instructed him to take and explore plea options and the plea option that he obtained was incredibly generous. Trial counsel specifically said, if this had gone to trial or if trial was indicated, I would have done a more full investigation. More importantly, or as importantly, but probably more importantly, counsel specifically stated the potential inconsistencies or relatively minor inconsistencies of the statements that neighbors had given to the police were basically irrelevant in light of two things. One, the ex-wife who is the victim clearly testified that the defendant shot in her direction and defendant acknowledged that he shot in her directions. Therefore, this court, again, should not even consider this claim because it has been waived. Assuming arguendo, this court determines that it can or should address the merits. Rule 651c simply does not apply to cases that are advanced to a third stage hearing. The defendant argues that this case didn't advance to a third stage hearing because the trial court judge didn't dismiss or deny the people's motion to dismiss at second stage. The fact is, at least implicitly, the court dismissed the people's claim by going to and holding an evidentiary hearing. Defense acquiesced in that hearing and therefore has forfeited really any claim. More importantly, even if this court were to examine, the case law is clear that under Povello, under Hotwagner, under Addison, that simply speaking, 651c doesn't determine a third stage hearing. We look at the overarching reasonableness. To the extent that defendant cites Rankins for the proposition of saying that a case at a third stage hearing can be addressed and remanded, Rankins is at least implicitly overruled by the much more recent cases. In this case, counsel did what he was supposed to do. Did he file a 604d certificate? Yes. However, the record is clear, not only from comments counsel made, but from the inquiry he conducted at the third stage hearing that he did everything that was required of 651c counsel, even those we've suggested that shouldn't apply. But he was reasonable in that he did what he could. The trial judge made a number of findings. The trial judge found that one, the motion or defendant's attempt to challenge any claims was way late. To the extent that defendant argued that he wasn't even aware that his trial attorney didn't do something, the trial, the PC court judge said that's not accurate. He simply chose not to do that. The judge specifically noted that to the extent that, you know, it's unclear what defendant did or didn't know what to do, he had filed multiple motions and things in his divorce proceeding, so he clearly knew what he was able to do. Most importantly, if you look at the overarching reasonableness, here the courts have said that you look at Strickland, even though Strickland doesn't directly apply, but it's an analysis. Even if this court were to find that defendant has demonstrated a first-prong error, defendant cannot establish second-prong error. Simply speaking, the evidence here was overwhelming. The victim, the ex-wife, said, bless you, that the ex-wife, that the defendant shot, three shots in her direction. Defendant acknowledged two separate times that he shot in the victim's direction. The fact that he claims, well, he just did it to scare her is irrelevant because the people specifically changed the count from shot at the victim to shot in her direction. You don't need to show intent. You don't need to show anything more than shot in her direction. Defendant and the victim's testimony, and you don't need a trial. We had the defendant's testimony. What would have occurred? We have defendant's own testimony. It's clear what it was here. There's nothing that would have changed. Defendant doesn't argue that there's any things that could have been amended or changed that would have impacted or changed the outcome. For these reasons, the people ask that this court affirm the dismissal or denial of the PC petition after a full third-stage hearing. Any questions, Justice Vaughn? Yes. At the beginning of the argument, Mr. London, you referenced a case that Justice Moore was author. Could you give me that site again, please? Of course. It's People v. Evans, 2023, ILAP 5th, 220-313U. Justice Moore did not author it. That was Justice Barbaras. Justice Moore was on the panel. Right. Thank you.  I didn't want to interrupt during the appellee. At the outset, we would, for the record, object to citation of anything new in this case. That said, that's just a request I would make for the record in this case with respect to the Evans case. Even if this court were to consider it, I don't think it changes anything. I'm not familiar with that case, but I have not encountered any law that does what the state thinks Pabello does and Hotwagoner does. Pabello and Hotwagoner were cases where there was a Rule 651c certificate filed and there was second-stage compliance. That's a huge distinguishing factor between those in this case where there was no Rule 651c certificate and there was no second-stage compliance with the rule. Like I said before, that matters because it's not just about getting it to the third stage. Compliance with Rule 651c is necessary. It's mandatory, I guess. No, it is mandatory in the words of People v. Perkins, an Illinois Supreme Court case in the Nothing that I've encountered excuses failure to comply with Rule 651c. Aside from this court's strange combined ruling after the evidentiary hearing and deferring ruling on the motion to dismiss from the state, that's just the state of the case law that Rankin's controls here where Pabello and Hotwagoner don't. Where you don't have compliance regardless of a hearing having been held, there is remand. It's a mandatory rule to comply with and there was not substantial compliance with that rule nor was there an affirmative showing in the record that the rule was complied with. Counsel talks a lot about what plea counsel did or didn't do or opposing counsel, I mean, and talks a lot about the... They're focused a lot on what plea counsel didn't do or did do, but that's irrelevant here. What we're talking about in our argument here is about second-stage proceedings and what second-stage post-conviction counsel didn't do. He didn't support the petition. He didn't amend the petition. This was a petition that was advanced on its merit to the second stage. This was not a case of a 90-day default advance. The trial court found that each of the claims that Mr. Rogers made in his pro se petition was potentially meritorious. Counsel had an obligation and a duty under the law to do something with that petition, to try to support it, or to document how he couldn't support it, and he didn't. So this is about purely second-stage representation. And to the extent that the state does not... Maintains that there was no argument in the post-conviction pleadings that Mr. Rogers' plea was involuntary, that's also not the case. Mr. Rogers got as close to you can get, if not right on the spot, when he alleged ineffective assistance of counsel in his pro se petition, and he inartfully, admittedly, alleged that he, I think his words were, very probably would not have pled guilty if his attorney had done X, Y, or Z in his plea. Now, I think holding Mr. Rogers to a standard an attorney needed to be held to, which is to say he wouldn't have, it is a stretch here, and it's again a failing of PC counsel to legally, adequately craft what Mr. Rogers had already had advanced to the second stage as potentially meritorious. And even though counsel didn't do it in the correct way with the correct vehicle, counsel did at some point get the notion that Mr. Rogers had to try to withdraw his plea to reach any of this. He did it in the wrong motion, in the wrong vehicle. He needed to do it in a post-conviction petition, which he did not. But I don't think there's an argument or an issue here that no one was trying to say the plea was involuntary. Both PC counsel and Mr. Rogers, that was the basis of these claims. My plea counsel didn't do X, Y, or Z, X, Y, and Z. I entered a plea. It was involuntary due to ineffective assistance. And Jones and Ratliff, again, they don't apply here. The state has not cited one case where in a post-conviction petition that seeks to try to reach a plea that the petitioner says was involuntary, you're not allowed to do that. And there's a robust body of case law. Miranda, a case that the state didn't deal with, as well as Flowers, alludes to it and cites Miranda saying that you can do what Mr. Rogers was trying to do here. So this case boils down to second stage failures that are inexcusable and require remand from this court. Thank you, your honors, for your time. Any further questions, Justice Fung? No further. Thank you. All right. Thank you, counsel. We will take this matter under advisement and issue a ruling in due course.